IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:23-CT-03363-BO

| | | |
|---|---|---|
| ANDRE EUGENE LESTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| A. OJO, | ) | |
| | ) | |
| Defendant. | ) | |

Andre Eugene Lester ("plaintiff"), a state inmate, filed this civil rights action pro se pursuant to 42 U.S.C. § 1983. The matter now is before the court on plaintiff's motion to take written depositions (DE 49, 52, 53) and motion for an extension of the discovery deadline (DE 54).

Plaintiff seeks to conduct a written deposition of Officer J. Ray and Officer R. Phillips pursuant to Federal Rule of Civil Procedure 31 "at no cost." See ((DE 49), p. 1). Plaintiff, however, failed to comply with Federal Rule of Civil Procedure 31(a)(3), which requires that the deposition notice state the deponent's name and address and to "state the name or descriptive title and the address of the officer before whom the deposition will be taken." Fed. R. Civ. P. 31(a)(3). Moreover, although plaintiff is proceeding *pro se,* he still is required to comply with the discovery rules set forth in the Federal Rules of Civil Procedure and is responsible for any financial requirements. See Dancy v. Univ. of N.C. at Charlotte, No. 3:08-cv-166-RJC-DCK, 2009 WL 2424039, at *2 (W.D.N.C. Aug.3, 2009) ("Although pro se litigants are given liberal treatment by courts, even pro se litigants are expected to comply with time requirements and other procedural

rules without which effective judicial administration would be impossible.") (internal quotations omitted); Eggleston v. Mitchell, No. 1:12-CV-1220, 2013 WL 5351053, at *6 (M.D. Pa. Sept. 23, 2013) ("[A]lthough we authorized the plaintiff to take depositions of non–party witnesses upon written questions, the plaintiff nevertheless bears the burden of complying with the procedural and financial requirements that such discovery commands."). Based upon the foregoing, plaintiff's motions to take written depositions at no cost are DENIED.

The court next turns to plaintiff's requests for assistance with getting "affidavits" or statements from three non-party witnesses Correctional Officers J. Ray and R. Phillips, as well as Joshua Davis, an inmate incarcerated within the North Carolina Department of Adult Correction's custody. Recognizing the difficulties a *pro se* incarcerated inmate faces, the court strongly urges the parties to confer with each other and the Warden at Bertie Correctional Institution, where plaintiff currently is incarcerated, to come to an agreement to assist plaintiff with obtaining either a written statement or a written deposition pursuant to Federal Rule of Civil Procedure 31 of the witnesses at issue. If the parties are unable to come to a consensus, plaintiff may re-file his motion as to this issue. Based upon the foregoing, plaintiff's motions are DENIED without prejudice.

To the extent plaintiff requests an extension of the discovery deadline, his motion is GRANTED. The discovery deadline now is March 2, 2026. To the extent plaintiff states that he may need to file a motion to compel discovery after he receives discovery responses from defendant, he may do so, if necessary, before the expiration of the discovery deadline.

In summary, plaintiff's motions to conduct written depositions at no cost (DE 49, 52, 53) are DENIED. Plaintiff's motions for assistance with obtaining written statements (DE 49, 52, 53) are DENIED without prejudice and the parties are DIRECTED to confer as set forth above.

Finally, plaintiff's motion for an extension of to discovery deadline (DE 54) is GRANTED, and the discovery deadline now is March 2, 2026.

SO ORDERED, this the 21 day of January, 2026 .

TERRENCE W. BOYLE
United States District Judge